Read, Judge.
The act of February 14, 1805, in force at the time of the execution of this deed, required that a deed, to be binding upon the wife for the conveyance of her estate, or any right to lands, etc., should be acknowledged before a judge of the Supreme Court or Court of Common Pleas, or a justice of the peace; and the judge or justice taking such acknowledgment “ shall examine the wife, separate and apart from her husband, and shall read, or otherwise make known the full contents of such deed or conveyance to the said wife ; and if, upon such separate examination, she shall declare that she did voluntarily, and of her own free will and accord, seal, and as her act and .deed, deliver the said deed or conveyance without any coercion or compulsion of her husband, every such deed or conveyance shall be, and the same is hereby declared to be good and valid in law, to all intents and purposes, as if the said wife had been sole, and not covert, at the time of such sealing and delivery; and the judge or justice, taking such acknowledgment, shall, under his hand and seal, certify the same -upon the back of the deed or conveyance.” 1 Chase, 485.
In Connell v. Connell, 6 Ohio, 358, and Brown v. Faran, 3 Ohio, 140, this court has given a construction to the act under which this deed was executed. The certificate of the acknowledgment must show, either in express terms or by implication, a compliance with every substantial requisition of the statute. This act requires, before the .rights of a wife to lands can be affected under it—
First : A separate examination of the wife ;
Second : That the wife be made acquainted with the full contents of the deed ;
Third: An acknowledgment that she voluntarily sealed and delivered it.
*It can neither be gathered from inference, implication, or the words of this acknowledgment, that the wife was examined separate and apart from her husband, or that the contents were made known to her.
A certificate by an officer that he has acted according to law, is no •evidence that the things are done which the law requires. It is evidence of the opinion of the officer, nothing more. It is the duty of the officer to certify the things he has done, and the court will then judge whether he has pursued the law. It is not a certificate of the *388 opinion of the officer that he has pursued the law which the statute requires, but a certificate of the acts he has pursued in obedience to the statute. The certificate itself must contain all the acts done, that it may appear upon its face that the requisitions of the statute have been complied with.
This deed would constitute no bar, even if the curative act of 1835 had been held valid. But it has been held, in the ease of the Lessee of Good v. Zercher, ante p. 364, decided at the present Term, that that act is inoperative to cure a defective acknowledgment, so as to deprive the wife of her estate.
This acknowledgment, then, is wholly defective, and the deed constitutes no bar to the assignment of the widow’s dower.
Decree for complainant.